UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AMADO ARIZA, on behalf of himself
and all others similarly situated,

                            Plaintiff,

                -against-

723 EDIBLES, INC. d/b/a TSQ BRASSERIE,
and JOSEPH BENMOHA and SOLOMON
BENMOHA, individually,

                           Defendants.

-------------------------------------------------------------------X

**Civil Action No.:**

**COMPLAINT**

**FLSA COLLECTIVE**

Plaintiff Amado Ariza ("Ariza" or "Plaintiff"), by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of 723 Edibles, Inc. d/b/a TSQ Brasserie ("723 Edibles"), and Joseph Benmoha and Solomon Benmoha, individually (collectively herein "Defendants"), allege the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff and all other similarly situated kitchen workers (as hereinafter defined) to recover unpaid earned wages, overtime wages, spread-of-hours pay, statutory penalties, compensatory and punitive damages, and other damages for Plaintiff under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL").

2. Plaintiff further brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of overtime provisions of the FLSA by Defendants.

3. Plaintiff and similarly situated non-exempt workers work or have worked as kitchen workers for 723 Edibles, Inc. d/b/a TSQ Brasserie.

4. In addition, Defendants failed to provide Notice and Acknowledgement of Pay Rate and Payday (as hereinafter defined) under Section 195(1) of the NYLL as well as accurate wage statements as required under Section 195(3) of the NYLL.

5. Plaintiff and FLSA Collective seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay earned wages, overtime wages, spread-of-hours wages, liquidated damages, compensatory damages, and attorneys' fees and costs, pursuant to the FLSA and the NYLL.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff**

9. Plaintiff is and was at all times relevant hereto an adult individual residing in Queens County, New York.

10. Plaintiff worked at Defendants from on or about September 2018 through March 23, 2020.

11. Plaintiff was employed by Defendants as a cook.

12. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant 723 Edibles, Inc. d/b/a TSQ Brasserie**

13. Defendant 723 Edibles, Inc. is a domestic business corporation engaged and operating in the restaurant industry.

14. 723 Edibles is located at 723 7th Ave., New York, NY 10019.

15. 723 Edibles has been incorporated since on or about January 2002.

16. 723 Edibles has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Joseph Benmoha**

17. Upon information and belief, Joseph Benmoha has owned and maintained control, oversight and the direction of 723 Edibles.

18. Defendant Joseph Benmoha is a relative of Defendant Solomon Benmoha.

19. Together, Joseph Benmoha and Solomon Benmoha operate 723 Edibles.

20. Defendant Joseph Benmoha is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of 723 Edibles.

21. Defendant Joseph Benmoha exercises sufficient control over 723 Edibles to be considered Plaintiff's employer under the FLSA and NYLL, and at all time material hereto Defendant Joseph Benmoha had authority to hire and fire employees and established and maintained policies regarding the pay practices at 723 Edibles.

22. Defendant Joseph Benmoha had substantial control over Plaintiff's working conditions and the practices alleged herein.

**Defendant Solomon Benmoha**

23. Upon information and belief, Solomon Benmoha has owned and maintained control, oversight and the direction of 723 Edibles.

24. Defendant Solomon Benmoha is a relative of Defendant Joseph Benmoha.

25. Together, Solomon Benmoha and Joseph Benmoha operate 723 Edibles.

26. Defendant Solomon Benmoha is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of 723 Edibles.

27. Defendant Solomon Benmoha exercises sufficient control over 723 Edibles to be considered Plaintiff's employer under the FLSA and NYLL, and at all time material hereto Defendant Solomon Benmoha had authority to hire and fire employees and established and maintained policies regarding the pay practices at 723 Edibles.

28. Defendant Solomon Benmoha had substantial control over Plaintiff's working conditions and the practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

29. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

30. The FLSA Collective consists of approximately 15 similarly situated current and former kitchen workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

31. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week; and

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

32. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

33. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

34. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

35. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

36. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## FACTS

**Defendants**

37. On information and belief, 723 Edibles has been engaged and operating in the restaurant industry since at least 2002.

38. 723 Edibles does not pay their employees time and one half for all work performed after 40 hours a week.

**Plaintiff Amado Ariza's Employment with Defendants**

39. From on or about September 2018 through March 23, 2020, Plaintiff worked on behalf of Defendants.

40. Plaintiff was employed by Defendants as a cook at 723 Edibles.

41. As a cook, Plaintiff was responsible for grilling and making pasta.

42. Throughout his employment with Defendants, Plaintiff was regularly scheduled to work more than 40 hours each week.

43. Throughout his employment with Defendants, Plaintiff was not paid properly for his overtime hours worked.

44. Throughout his employment with Defendants, Plaintiff was regularly scheduled to work shifts that exceeded a spread of ten hours of work.

45. Plaintiff was not given any kind of break or meal break, and would have to eat while working in order to accommodate for a lack of staff.

46. On or about March 23, 2020, TSQ Brasserie had to close due to the COVID-19 pandemic.

47. After TSQ Brasserie's closing, Plaintiff was not paid his earned wages for the weeks of March 9, 2020 through March 22, 2020.

48. After closing, Defendants sent Plaintiff two checks which were returned due to insufficient funds.

49. Plaintiff informed Defendants that his checks were returned and was instructed to wait, and then told that he would only be paid for one week of work.

50. Defendants did not ask Plaintiff to return to work when restaurant reopened.

51. Defendants will not return phone calls from Plaintiff.

**Plaintiff Amado Ariza's Work Schedule and Hourly Wage with Defendants**

52. Plaintiff was paid $15 an hour for all work performed, including work performed after 40 hours.

53. Plaintiff was paid for his first 30 hours by check and the remaining hours by currency (cash).

54. From on or about September 2018 through on or about October 2018, Plaintiff was scheduled to work 5 days a week.

55. During this time period, Plaintiff worked on average 40 hours per week, with the days of the week he worked varying.

56. From on or about November 2018 through on or about January 2019, Plaintiff was scheduled to work 7 days a week.

57. During this time period Plaintiff worked usually from 8 am to 12 am but sometimes would work until 1 am.

58. From on or about February 2019 through on or about October 2019, Plaintiff was scheduled to work 6 days a week.

59. During this time period, Plaintiff worked from 6 am to 4 pm.

60. From on or about November 2019 through March 23, 2020 Plaintiff was scheduled to work 7 days a week.

61. During this time period, Plaintiff worked from 6 am to 4 pm.

62. From on or about September 2018 to on or about May 2019, Plaintiff was paid $15 per hour.

63. From on or about May 2019 to on or about September 2019, Plaintiff was paid $16 per hour.

64. From on or about September 2019 to on or about March 2020, Plaintiff was paid $17 per hour.

65. Throughout Plaintiff's employment with Defendants, he was not required to clock in or clock out.

66. In fact, Defendants had no official way of monitoring the hours that Plaintiff worked.

**Defendants' Violations of the Wage Theft Prevention Act**

67. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates upon hire and when they receive wage increases.

68. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff's wages without the proper accompanying statement listing the overtime rate or rates of pay, the

number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

69. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

70. Upon information and belief, wage notices and statutory notices were never given to or signed by any employee at Defendants.

71. In addition, Defendants failed to provide proper wage statements as required under 195(3).

## FIRST CAUSE OF ACTION
## Failure to Pay Earned Wages in Violation of New York Labor Law
## (On Behalf of Plaintiff)

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Throughout the relevant time period, Plaintiff was an "employee" within the meaning of the New York Labor Law.

74. At all relevant times, Defendants were "employers" within the meaning of the NYLL.

75. Defendants failed to pay Plaintiff his earned wages for the periods of time and in the manner as set forth above.

76. Defendants' actions in failing to pay Plaintiff his earned wages were willful and not based on any good faith belief of compliance with NYLL §663, *et seq*.

77. As a result of the foregoing, Plaintiff has been denied wages required under NYLL §§663 *et seq.*, and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Wages in Violation of Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

78. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of forty (40) hours per workweek.

80. At all relevant times throughout their employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

81. At all relevant times throughout the employment of Plaintiff and the FLSA Collective, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours per workweek.

82. Defendants' decision not to pay overtime was willful.

83. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations,

attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### Failure to Pay Overtime Wages in Violation of New York Labor Law
### (On Behalf of Plaintiff)

84. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

85. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

86. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

87. Defendants' failure to pay required overtime was willful.

88. As a result of Defendants' NY Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

### FOURTH CAUSE OF ACTION
### Failure to Pay Spread-of-Hours Pay in Violation of New York Labor Law
### (On Behalf of Plaintiff)

89. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

90. At times, Plaintiff worked more than ten hours in a workday.

91. Defendants willfully failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate on days in which the length of his workday was more than ten hours, as required by New York law.

92. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

93. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Annual Wage Notices in Violation of New York Labor Law**
**(On Behalf of Plaintiff)**

94. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

95. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

96. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

97. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## SIXTH CAUSE OF ACTION
### Failure to Provide Wage Statements in Violation of New York Labor Law
### (On Behalf of Plaintiff)

98. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

100. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

101. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each work week that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the entry of an order and judgment against Defendants 723 Edibles, Inc. d/b/a TSQ Brasserie, and Joseph Benmoha and Solomon Benmoha, individually, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for unpaid earned wages due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(c) Damages for the overtime pay due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(d) Damages for the overtime pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(e) Damages for unpaid spread-of-hours pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(f) Statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(g) Statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(h) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(i) For pre-judgment and post-judgment interest on the foregoing amounts;

(j) For the costs and disbursements of the action, including attorneys' fees; and

(k) For such other further and different relief as the Court deems just and proper.


Dated: August 12, 2020
New York, New York

        Respectfully submitted,

        **THE LAW OFFICES OF JACOB ARONAUER**

        */s/ Jacob Aronauer*
        Jacob Aronauer
        *Attorney for Plaintiff*